NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

Filed / Docketed
May 15, 2007

IN RE:

MV PIPELINE COMPANY,

Debtor.

Case No. 07-80214-R
Chapter 11

### ORDER GRANTING MOTION TO INCUR DEBT TO CONTINUE THE OPERATION OF BUSINESS AND RE-CAPITALIZE COMPANY

Before the Court is the Motion to Incur Debt to Continue the Operation of Business and Re-Capitalize Company ("Motion") (Doc. 9), filed by MV Pipeline Company ("MV Pipeline") on March 8, 2007, and the Objection of Gary Moores and G.M. Oil Properties, Inc. to Motion to Incur Debt to Continue The Operation of Business and Re-Capitalize Company ("Objection") (Doc. 36) filed by Gary Moores ("Moores") and G.M. Oil Properties, Inc. ("GM Oil") on March 26, 2007. A hearing on the Motion and Objection was held on April 20, 2007 and April 23, 2007.

Upon consideration of the pleadings and briefs, the testimony and documentary evidence presented at the hearing, the arguments of counsel, and applicable law, the Court finds and concludes as follows:

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(A) and (D), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

MV Pipeline owns and operates a pipeline for transportation of natural gas. There are no known mortgages or security interests on any of MV Pipeline's assets, including its accounts receivable. MV Pipeline seeks to borrow up to $50,000 from two individuals who are officers, directors and shareholders of MV Pipeline, Gene Stipe ("Stipe") and Eddie Harper ("Harper"). Stipe and Harper have agreed to jointly provide a $50,000 line of credit to MV Pipeline on an administrative priority basis pursuant to 11 U.S.C. §§ 364(b) and 503(b). The proceeds from the loan would be used to fund the operation of MV Pipeline's business, including payment of expenses that arise in the normal course of business, and to pay professionals of the bankruptcy estate as authorized by Court order.

Moores and GM Oil contend that any funding provided by Stipe and Harper should be treated as capital contributions to MV Pipeline rather than administrative expenses. Moores and GM Oil claim that they "made numerous demands to Harper and Stipe since 1997 through the present to contribute funds to make up Debtor's cash shortfalls" and because Harper and Stipe failed to honor those demands, Moores/GM Oil were forced to fund MV Pipeline's operations. Moores and GM Oil believe it is unfair that their contributions will be treated as prepetition debt while Stipe's and Harper's postpetition contributions will be treated as priority administrative expenses. However, Moores and GM Oil did not present any evidence that they made "numerous demands" for capital contributions from Stipe and Harper. In fact, Moores testified that he did not consult with Stipe and Harper about MV Pipeline's operations or financial matters because the parties had

2

been litigating since 2001. Moreover, Moores has characterized his contributions to MV Pipeline as loans, not capital contributions.

Moores and GM Oil also argue that MV Pipeline does not need to obtain financing from Stipe and Harper to finance operations because Moores and GM Oil have traditionally advanced funds to MV Pipeline on an unsecured basis as needed to fund operations under the terms of the Management Agreement between MV Pipeline and GM Oil. Moores and GM Oil state that they are prepared to continue advancing funds in the ordinary course of MV Pipeline's business under the same terms as those proposed by Stipe and Harper, unless MV Pipeline rejects the Management Agreement under which GM Oil has been operating MV Pipeline. MV Pipeline has filed a motion to reject the Management Agreement, however, and the Court has granted the motion.

Moores and GM Oil also contend that MV Pipeline filed its Chapter 11 petition in bad faith, primarily because Moores and GM Oil view the bankruptcy as an attempt to change venue of a long-standing and on-going dispute between Stipe and Harper (as owners of 2/3 of MV Pipeline's stock) and GM Oil (as owner of 1/3 of MV Pipeline's stock) over control and operation of MV Pipeline. Moores and GM Oil contend that by incurring debt to pay professionals in the Chapter 11 case, MV Pipeline will be funding Stipe and Harper's side of the internecine feud, while Moores/GM Oil will be forced to bear their own fees.

In an Order Denying Motion to Dismiss entered on May 7, 2007, the Court concluded that MV Pipeline's Chapter 11 petition was not filed in bad faith and that MV Pipeline is entitled to use the bankruptcy laws and process to attempt to reorganize the operations of its

3

existing forty mile gas gathering system, which has been operating at a loss under the management of Moores/GM Oil, into a profitable enterprise. Although some of MV Pipeline's professional fees may be incurred in challenging Moores/GM Oil's claims,[1] the Court concludes that it is in the best interest of MV Pipeline, its creditors and its shareholders to allow MV Pipeline to borrow up to $50,000 from Stipe and Harper on the basis stated in the Motion and pursuant to the terms of the Note attached thereto.[2]

IT IS THEREFORE ORDERED that MV Pipeline is authorized to incur unsecured debt of $50,000 pursuant to 11 U.S.C. § 364 and the terms of the Note, and that the debt so incurred shall be allowable as an administrative priority expense pursuant to 11 U.S.C. § 503(b)(1).

**SO ORDERED** this 15th day of May, 2007.

*[signature]*
DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

---

[1] The Court notes that the claims asserted by Moores and GM Oil in the state court lawsuit are against MV Pipeline, and not against Stipe and Harper as individuals, so it is appropriate that MV Pipeline rather than Stipe and Harper bear the cost of defending against those claims.

[2] The Note is dated March __, 2007, payable in March __, 2008. The Note approved by the Court shall mature one year from the date of execution.

4